**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIRLEY JONES, on behalf of herself and all others similarly situated,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CORBIS CORPORATION,<br><br>    Defendant - Appellee. | No. 11-56082<br><br>D.C. No. 2:10-cv-08668-SVW-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted June 7, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Shirley Jones appeals the orders of the district court granting summary judgment in favor of Corbis Corporation ("Corbis") and awarding Corbis $357,532.91 in attorney's fees.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Jones contends that the district court erred in concluding that Corbis did not violate Jones's right of publicity. For both California common law commercial misappropriation claims and claims under California Civil Code § 3344, the plaintiff must prove that the defendant appropriated his or her likeness without consent. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001). Consent may be implicit and is to be determined objectively from the perspective of a reasonable person. *See Newton v. Thomason*, 22 F.3d 1455, 1461 (9th Cir. 1994); *Virgil v. Time, Inc.*, 527 F.2d 1122, 1127 (9th Cir. 1975); Restatement (Second) of Torts § 892 cmt. c (1979). The district court found that Jones consented to Corbis's placement of sample photographs of Jones on its website for the purpose of selling copyright licenses to those images. Jones admitted that she intended for the photographs at issue to be distributed to media outlets and was not surprised that the photographers would use a third party distributor. She also admitted that she had not placed limits on how such photographs could be distributed. Uncontroverted testimony by a professional photographer showed that Corbis operated within the well-known and established customs of the industry.

Jones provides no reason why Corbis should have questioned her apparent consent to her photographs being distributed.[1]

Jones also challenges the district court's award of attorney's fees. The trial court has the discretion to determine the reasonableness of the requested attorney's fees, which is based on the "necessity and usefulness" of the task for which fees are claimed. *Thayer v. Wells Fargo Bank, N.A.*, 92 Cal. App. 4th 819, 846 (2001). The district court did not abuse its discretion on any issue. First, the district court awarded a reasonable number of hours to Corbis in connection with its counsel's opposition to class certification because there were novel issues raised, which justified the time spent. Second, Corbis provided sufficient evidence supporting the reasonableness of its paralegal rates. Third, although Jones objects to several items of paralegal work, the district court properly considered and discounted some of them, some were clearly necessary, and Jones did not adequately explain her objection to one. Fourth, Corbis can recover for tasks with redacted entries because the descriptions provide sufficient information. *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). Fifth, Corbis properly recovered fees for making its First Amendment argument because that argument

---

[1]Because we affirm the grant of summary judgment based on Jones's failure to demonstrate an issue of fact regarding lack of consent, we do not reach Corbis's Copyright Act preemption, First Amendment, and public affairs exception arguments.

was fact dependent and a potentially meritorious defense.  Finally, there is no reason to think that Corbis's counsel spent too much time preparing its reply in support of its petition for fees.

**AFFIRMED.**